1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

    v.

MAXIE MOORE, aka MICHAEL ALLEN
O'NEAL,

    Defendant/Petitioner.

Case No.  C03-5292JET
          CR99-5534JET
          C01-5089JET

ORDER

16

THIS MATTER comes on before the above-entitled court upon Defendant's Motion for

17

Reconsideration and Supplemental 28 U.S.C. §2255 petition.

18

Having considered the entirety of the record and files herein, the Court finds and rules as

19

follows:

20

Defendant's original 2255 motion was dismissed as untimely on July 1, 2004.  Defendant

21

filed a Motion for Reconsideration, which was granted on August 21, 2003.  Defendant's 2255

22

motion was denied on the merits on July 14, 2004.  Defendant filed a supplement to his 2255 petition

23

based on Blakely v.Washington, 124 S.Ct.  2531 (2004), and a Motion for Reconsideration.

24

Reconsideration was granted on August 3, 2004 in order to consider the Blakely issues raised by

25

Defendant.  The Court then stayed proceedings pending the outcome of United States v. Booker,

26

- 1

1    125 S.Ct. 738 (2005).

2       In <u>Booker</u>, the Supreme Court made <u>Blakely</u> applicable to the federal sentencing guidelines.

3    <u>Booker</u> does not apply retroactively to cases on collateral review because it is a new procedural rule

4    that does not implicate the fundamental fairness of the criminal proceeding.  <u>Vega-Gil v. United</u>

5    <u>States</u>, 2005 WL 901043 (10th Cir. 2005 ); <u>Schiro v. Summerlin</u>, 124 S. Ct. 2519, 2523 (9th Cir.

6    2004); rather, <u>Booker</u> applies "to all cases on direct review".  <u>Booker</u>, 125 S.Ct. at 769. <u>See</u> <u>United</u>

7    <u>States v. Price</u>, 400 F.3d 844 (10th Cir. 2005) (<u>Blakely</u> not retroactive on collateral review).

8    Defendant's conviction became final before <u>Blakely</u> was decided, therefore <u>Blakely</u> does not apply to

9    Defendant's case.  Furthermore, the United States Supreme Court has not made <u>Blakely</u> or <u>Booker</u>

10    retroactive to cases on collateral review.  <u>See</u> <u>In re Anderson</u>, 396 F.3d 1336, 1339-40 (11th Cir.

11    2005); <u>Tyler v. Cain</u>, 533 U.S. 656, 121 S.Ct. 2478 (2001) (a new rule is retroactive to cases on

12    collateral review only if Supreme Court hold it to be retroactive).

13       Therefore, Defendant's supplemental 2255 petition is DISMISSED.

14       In order for an appeal to proceed, this Court must issue a Certificate of Appealability.  <u>See</u> 28

15    U.S.C. §2253; <u>United States v. Asrar</u>, 108 F.3d 217 (9th Cir. 1997).  For the certificate to issue, this

16    Court must determine that "the applicant has made a substantial showing of the denial of a

17    constitutional right" and the Court must "indicate which specific issue or issues satisfy the showing."

18    28 U.S. C. 2253(c)(2)-(3).  If the Court denies the certificate, it must "state the reasons why such a

19    certificate should not issue." Fed.R.APP.P. 22(b); <u>Asrar</u>, 108 F.3d at 218.

20       For the foregoing reasons, the Court declines to issue a Certificate of Appealability because

21    Defendant has failed to make "a substantial showing of the denial of a constitutional right."  28

22    U.S.C. §253(c)(2).

23       IT IS SO ORDERED.

24       The Clerk of the Court is directed to send uncertified copies of this order to all counsel of

25    record.

26    - 2

1    DATED this 25th day of April, 2005.

2

3                                    /s JACK E. TANNER

4                                    _____
                                     JACK E. TANNER
5                                    SR. UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   - 3